UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON SANDERS BEGNAUD &** * | **CIVIL ACTION NO:** |
| **MISTY RAVEN BEGNAUD** * | |
| * | |
| **VERSUS** * | **SECTION:** |
| * | |
| **THE ALABAMA GREAT SOUTHERN** * | **MAG. DIVISION:** |
| **RAILROAD COMPANY, & NEW ORLEANS** * | |
| **PRIVATE PATROL SERVICE, INC.** * | |
| ********************************************* | |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, both persons of full age and majority residing and domiciled in St. Bernard Parish, Louisiana who respectfully represent and plead:

### DEFENDANTS:

1. The Defendant, Alabama Great Southern Railroad Company ["AGS"], is a non-Louisiana business corporation with its principal business establishment in Louisiana located in the Parish of Orleans, doing business under the name Alabama Great Southern Railroad, and as such, engages in interstate commerce as a common carrier by railroad.

2. The Defendant, New Orleans Private Patrol Service Inc. ["NOPP"], is a domestic Louisiana corporation with its principal business establishment in Orleans Parish.  Upon information and belief, at all material times relevant to this litigation NOPP had entered into a contractual agreement with AGS to provide private security services and access to AGS's

1

automobile storage lot facility located in Orleans Parish, where the accident and injury sued upon occurred.

## JURISDICTION AND VENUE:

3.     This Honorable Court possesses federal question jurisdiction over Plaintiff, Jason Sanders Begnaud's, claims against his railroad employer Defendant, The Alabama Great Southern Railroad Company ["AGS"], by virtue of 28 U.S.C. § 1331.

4.     In addition, this Court possesses supplemental jurisdiction over Plaintiff, Jason Sanders Begnaud and Misty Begnaud's state law claims against Defendant, New Orleans Private Patrol Service Inc. ["NOPP"].  The state law claims against NOPP arise out of the same case or controversy as Plaintiff's federal claims against AGS.  Thus, supplemental jurisdiction is established pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, AGS owns, operates, and maintains trains, rail yards, and mainline railroad tracks in Orleans Parish, resulting in AGS having sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.  Also, NOPP maintains its principal place of business in Orleans Parish, resulting in NOPP having sufficient minimum contacts in this federal judicial district.

## COUNT I:  FEDERAL EMPLOYER'S LIABILITY ACT

6.     This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as "FELA", to recover damages for severe personal injuries sustained by the Plaintiff, a conductor, while employed by his railroad employer Defendant, AGS; the injuries sustained occurred in the line of duty while Plaintiff was engaged in AGS's principal business of transporting freight in interstate commerce.

7.      Defendant, AGS, is liable to its employee, the Plaintiff, Jason Sanders Begnaud, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

8.      On or about April 5, 2014, the Defendant, AGS was engaged in switching rail cars at its automobile storage facility located in New Orleans, Louisiana, such activity being part and parcel of its business of moving freight in interstate commerce. Upon information and belief, AGS owns the automobile storage facility, which was the location of the accident in this case.

9.      As part of this switching operation, on the above-mentioned date, Plaintiff was ordered by the AGS yardmaster to conduct a train movement to pull into the automobile storage facility. A security guard employed by co-Defendant NOPP opened the gate to allow entry to Plaintiff's train.  Upon information and belief, the security guard employed by NOPP, or others working on behalf of AGS and/or NOPP, failed to de-activate the electric security fence guarding AGS's premises at the auto storage facility.  After passing through the gate, the Plaintiff conducted his train movement to the first railroad switch.   The Plaintiff stopped the train movement at the first switch.  The switch was located a mere foot or two from the electric security fence powered by 7,000 volts of electricity.  Upon arriving at the switch, Plaintiff reasonably believed the security fence had been de-activated by AGS and/or NOPP.  As Plaintiff operated the railroad switch in his usual customary and safe manner, Plaintiff's body brushed up against the electric fence, causing him to be electrocuted.

10.     The Defendant, through its contractual agents, servants, and/or employees, carelessly, recklessly, and/or negligently failed to provide Plaintiff a reasonably safe place to work by requiring Plaintiff to work in an unsafe condition in violation of federal law.  In particular, this

unsafe condition was brought about by requiring Plaintiff to carry out his essential job duties, in this case, operating a railroad switch, in such close proximity to an electric security fence that had not been de-activated.

11. Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA), through its contractual agents, employees, or officials, Plaintiff received severe and debilitating electrical injuries to his body culminated in a mild traumatic brain injury, *inter alia*, resulting in physical and mental pain that has necessitated continued neurological treatment.  Plaintiff has also suffered economic loss for wages, fringe benefits and unpaid medical expenses for which he demands full recovery.

12. Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned accident; and the negligence of AGS includes, but is not limited to the following acts to-wit:

   A. In that AGS, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

   B. In that AGS, in violation of its non-delegable duty, failed to provide safe working conditions, and properly located equipment where Plaintiff was performing his duties in the manner required by Defendant;

   C. In that AGS, in violation of its non-delegable duty, through its own employees and agents, failed to determine and/or confirm that the electric security fence was de-activated before the Plaintiff's train arrived at AGS's auto storage facility;

D. In that AGS, in violation of its non-delegable duty, failed to provide proper clearance between the railroad switch Plaintiff was operating and the electrified security fence and/or failed to provide proper protection for those working in such close clearance to the electrified security fence.

E. In that AGS violated federal occupational safety regulation 29 C.F.R. § 1910.269, Protection from Step and Touch Potentials.  Such violation establishes negligence per se,

F. In that AGS failed to exercise due care and caution commensurate with the surrounding circumstances; and

G. Other acts and omissions of negligence and violations of federal safety regulations, which will be fully enumerated at the trial of this matter.

13.  Plaintiff specifically pleads that AGS, in adherence to its non-delegable duty to provide a safe place to work, is also responsible for any negligent actions and omissions committed by co-Defendant NOPP as alleged in Count II of this Complaint given that NOPP was acting as an "agent" of AGS.  Upon information and belief, at all times material to this litigation, NOPP and AGS entered into a contractual agreement for NOPP to provide security services at AGS's automobile storage lot facility where this accident and injury occurred.  This contractual agreement to provide security services was entered into to further the operational activities of AGS.

14.  Plaintiff specifically pleads that AGS is liable for Plaintiff's injuries caused in whole or in part by the fault of NOPP, which was performing, under contract, operational activities of NOPP, such that NOPP is an "agent" of AGS within the meaning of 45 U.S.C. § 51.  Namely, the physical act of de-activating the electrified fence fell squarely under the purview of NOPP's

on-sight security.  In sum, Plaintiff avers that AGS's liability under FELA extends to each negligent and careless act committed by NOPP that contributed to Plaintiff's injuries and damages.

15. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Potential Permanent Disability;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages and Fringe Benefits;

    F. Potential Future Lost Earnings and Fringe Benefits;

    G. Unpaid Past Medical Expenses;

    H. Potential Future Medical Expenses;

16. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

17. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Jason Sanders Begnaud, prays that Defendant, the Alabama Great Southern Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of the Plaintiff, Jason Sanders Begnaud, and against the Defendant, the Alabama Great Southern Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

### COUNT II:  LOUISIANA NEGLIGENCE CLAIMS (In the Alternative)

18. Plaintiff adopts each and every preceding paragraph as if reproduced here fully.

19. This action arises under article 2315 of the Louisiana Civil Code, which obliges NOPP to provide compensation for damages caused by NOPP's fault.

20. Upon information and belief, on or about April 5, 2014, NOPP, though its employees, managers, and servants was engaged in providing private security services to co-Defendant, AGS, at AGS's automobile storage facility in New Orleans, Louisiana.  As part of these services, NOPP's activities included providing entrance into AGS's automobile storage lot for AGS train crews.  In addition, NOPP was also responsible to remain in contact and communication with AGS for the purpose of allowing AGS train crews access to the lot and for the purpose of determining the appropriate times for NOPP to de-activate the electric security fence on AGS's premises.

21. On or about, April 5, 2014, NOPP, through its employees, servants, and/or managers negligently and/or recklessly failed to properly communicate with AGS and de-activate the electric security fence when NOPP knew, or in the exercise or reasonable care, should have known, that Plaintiff and his train crew would be required to work in close proximity to the electrified fence.

22. Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, that as a direct cause of NOPP's negligence committed by its agents, employees, and/or officials, Plaintiff received severe and debilitating electrical injuries to his body culminating in a mild traumatic brain injury, *inter alia*, resulting in physical and mental pain necessitating continued

neurological treatment. Plaintiff has also suffered economic loss for wages, fringe benefits, and unpaid medical expenses for which he demands full recovery.

23. Plaintiff avers that Misty Raven Begnaud has suffered a loss of consortium as a direct result of the negligent and careless acts committed by NOPP that caused her husband's accident and personal injuries.

24. Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to act with reasonable care under the circumstances, thereby causing and/or contributing to the aforementioned accident and injuries sustained by Plaintiff; and the negligence of NOPP includes, but is not limited to the following acts to-wit:

   A. In that NOPP failed to determine and/or confirm that the electric security fence was de-activated before the Plaintiff's train arrived at AGS's auto storage facility;

   B. In that NOPP failed to properly de-activate the electric security fence when it knew, or in the exercise of reasonable care should have known, that Plaintiff and his train crew were conducting essential job duties in close proximity to the electrified fence.

   C. In that NOPP failed to exercise due care and caution commensurate with the surrounding circumstances; and

   D. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

25. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

   A. Physical Pain and Suffering, Past and Future;

   B. Mental Pain and Suffering, Past and Future;

   C. Potential Permanent Disability;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages and Fringe Benefits;

    F. Potential Future Lost Earnings and Fringe Benefits;

    G. Unpaid Past Medical Expenses;

    H. Potential Future Medical Expenses;

    I. Loss of Consortium of Plaintiff

26. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

27. Plaintiff is entitled to and demands a trial by jury.

    WHEREFORE, Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, pray that Defendant, the New Orleans Private Patrol Service Inc., be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of the Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, and against the Defendant, New Orleans Private Patrol Service Inc., for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

    Respectfully Submitted,

    **DAVIS, SAUNDERS, MILLER & ODEN**

BY:     */s/ Joseph M. Miller, Esq.*
    **JOSEPH M. MILLER #30636**
    **BENJAMIN B. SAUNDERS #11733**
    **CARISA GERMAN-ODEN #31463**
    400 Mariners Plaza Drive, Suite 401
    Mandeville, Louisiana 70448
    Telephone: (985) 612-3070
    Facsimile: (985)612-3072
    **Attorneys for Plaintiffs,**
    **Jason Sanders Begnaud and Misty Begnaud**