UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON SANDERS BEGNAUD &**    \* | **CIVIL ACTION NO: 2:14-2032** |
| **MISTY RAVEN BEGNAUD**    \* | |
|    \* | **HON. JUDGE TRICHE-MILAZZO** |
| **VERSUS**    \* | |
|    \* | **MAG. JUDGE NORTH** |
| **THE ALABAMA GREAT SOUTHERN**    \* | |
| **RAILROAD COMPANY, NEW ORLEANS**    \* | **JURY TRIAL REQUESTED** |
| **PRIVATE PATROL SERVICE, INC.,**    \* | |
| **NORFOLK SOUTHERN RY. COMPANY,**    \* | |
| **ELECTRIC GUARD DOG L.L.C., ROAD &**    \* | |
| **RAIL SERVICE, INC.**    \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SECOND AMENDED COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come the Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, both persons of full age and majority residing and domiciled in St. Bernard Parish, Louisiana who respectfully represent and plead:

1. Plaintiffs fully adopt and incorporate each fact, paragraph, allegation, and request for relief set forth in their original Complaint for Damages filed on September 5, 2014 (R. Doc. 1) and Amended Complaint for Damages filed on February 23, 2015 (R. Doc. 11), as if fully reproduced in their entirety herein.

2. This Second Amended Complaint against Defendant Road & Rail Services, Inc. ["Road & Rail"] relates back to the date of Plaintiffs' original Complaint for Damages filed on September 5, 2014. Plaintiffs' claims against Road & Rail arise out of the same conduct and occurrence asserted in their original Complaint, namely that as a result of the negligence and carelessness of the named Defendants, including Road & Rail, on April 5, 2014, Plaintiff

sustained an electrical brain injury while on-duty when his body came into contact with an electrified fence.

## DEFENDANT:

3. The Defendant, Road & Rail, is a foreign business corporation created under the laws of the state of Kentucky with its principal business establishment located at 4233 Bardstown Road, Suite 200, Louisville, Kentucky 40218. Upon information and belief, Road & Rail is the custodian of, and is responsible for managing and controlling all railroad and operational activities at, the auto distribution lot located at 3400 Almonaster Blvd., New Orleans, Louisiana where Plaintiff sustained injuries and damages on or about April 5, 2014 as discussed in his original Complaint and Amended Complaint for Damages.

## JURISDICTION AND VENUE:

4. This Honorable Court possesses original subject matter jurisdiction over Plaintiffs' claims against Road & Rail by virtue of 28 U.S.C. § 1332 resulting from the complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00.

5. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, Road & Rail operates, carries out its business of railroad operations, and maintains a business establishment in Orleans Parish, including the location of Plaintiffs' accident and injury, resulting in Road & Rail having sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

## COUNT V: ROAD & RAIL LIABILITY FOR NEGLIGENCE
## UNDER LOUISIANA STATE LAW

6. Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, bring this action pursuant to the laws of the State of Louisiana, in particular Louisiana Civil Code articles 2315 and 2317.1, to recover for personal injuries and damages directly caused by the Defendant, Road & Rail, for

2

its negligence, carelessness, and/or recklessness in failing to properly maintain the property and premises located at 3400 Almonaster Blvd., New Orleans, Louisiana in a non-hazardous and reasonably safe condition.

7. Upon information and belief, Co-Defendant Norfolk Southern Railway Company ["Norfolk Southern"] contracted with Road & Rail to be the custodian of the premises located at 3400 Almonaster Blvd., New Orleans, Louisiana and to carry out and be responsible for railroad activities and other management and operational activities at the auto storage facility, including but not limited to supervising, assisting and coordinating with co-Defendant, New Orleans Private Patrol Service Inc. ["NOPP"] pertaining to security of the premises.

8. Defendant, Road & Rail, is liable to Plaintiffs for all damages sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings for the following reasons to-wit:

9. Defendant, Road & Rail, was the custodian of the auto distribution lot and property located at 3400 Almonaster Blvd., New Orleans, Louisiana, where Jason Sanders Begnaud suffered injuries and was responsible for the railroad activities and management and operational activities at the auto storage facility.

10. Defendant, Road & Rail, in its capacity as custodian of the auto distribution lot located at 3400 Almonaster Blvd., New Orleans, Louisiana, the electric security fence located on the property, and the railroad switch Plaintiff was operating at the time of his injury, is answerable and liable for Plaintiffs' injuries and damages directly caused by Road & Rail's negligence and the ruin, vice, or defect of the property within its custody.

11. On or about April 5, 2014, Plaintiff's railroad employer, Alabama Great Southern Railroad Company ["AGS"] was engaged in switching rail cars at the automobile storage facility located at 3400 Almonaster Blvd, New Orleans, Louisiana.

12. As part of this switching operation, Plaintiff was ordered by the AGS yardmaster to conduct a train movement to pull into the automobile storage facility. A security guard employed by co-Defendant, NOPP opened the gate to allow entry to Plaintiff's engine. After passing through the gate, the Plaintiff conducted his train movement to the first railroad switch. The Plaintiff then stopped the train movement at the first switch.

13. Upon arriving at the railroad switch, Plaintiff reasonably believed the security fence had been de-activated by AGS and/or NOPP. The railroad switch was dangerously located a mere two feet from an electric security fence powered by 7,000 volts of electricity. As Plaintiff operated the railroad switch in his usual customary and safe manner, Plaintiff's body brushed up against the electric fence, causing him to sustain electrical shock and trauma.

14. The Defendant, Road & Rail, through its subsidiaries, contractual agents, managers, servants, and/or employees, carelessly, recklessly, and/or negligently failed to provide safe and adequate clearance and distance between its railroad switch and the electrified security fence.

15. Upon information and belief, Road & Rail, through its subsidiaries, contractual agents, servants, managers, and/or employees, knew or in the exercise of reasonable care, should have known through common sense, its own experience, and prior complaints that the proximity of the railroad switch to the electric security fence presented an unreasonably dangerous condition, which directly caused Plaintiff's injuries and damages.

16. Despite the fact that Road & Rail knew, or in the exercise of reasonable care, should have known of the dangerous and hazardous condition on the property, Road & Rail negligently,

carelessly, and/or recklessly failed to exercise reasonable care to either remedy the defective and dangerous condition or warn railroad employees of the danger and risk caused by the close proximity between its railroad switch and its electrified security fence.

17.     In addition, upon information and belief, Road & Rail knew, or in the exercise of reasonable care should have known, that the electric security fence was defective and not operating properly at the time of Plaintiff's accident.  Specifically, Road & Rail knew, or should have known that that there had been previous problems regarding the proper de-activation and operation of the electric security fence (and its component parts) located on the property within its custody.

18.     Despite such actual and/or constructive knowledge, Road & Rail through its subsidiaries, contractual agents, managers, servants, and/or employees failed to exercise reasonable care to either remedy the defective and dangerous condition of the fence or warn railroad employees of the danger and risk posed by the electric security fence.  This failure directly caused Plaintiff to sustain bodily injuries on April 5, 2014.

19.     Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, that as a direct cause of Road & Rail's negligence through its subsidiaries, contractual agents, employees, or managers, Plaintiff received severe and debilitating electrical injuries to his body culminating in a traumatic brain injury, *inter alia*, resulting in physical and mental pain that has necessitated continued neurological treatment.  Plaintiff has also suffered economic loss of wages, fringe benefits and unpaid medical expenses for which he demands full recovery.

20.     Plaintiff avers that Misty Raven Begnaud has suffered a loss of consortium as a direct result of the negligent and careless acts committed by Road & Rail that caused her husband's accident and personal injuries.

21. Plaintiff further avers that Road & Rail, through their agents, servants, and employees negligently and carelessly failed to comply with the provisions of Louisiana Civil Code articles 2315 and 2317.1 thereby causing and/or contributing to the aforementioned accident; and the negligence of Road & Rail includes, but is not limited to the following acts to-wit:

   A. In that Road & Rail failed to provide safe working conditions and properly located equipment where Plaintiff was performing his duties;

   B. In that Road & Rail failed to provide safe and adequate clearance between the railroad switch Plaintiff was operating and the electrified security fence and/or failed to provide proper warning and/or protection for those working in such close proximity to the electrified security fence.

   C. In that Road & Rail violated federal occupational safety regulation 29 C.F.R. § 1910.269, Protection from Step and Touch Potentials. Such violation establishes negligence per se,

   D. In that Road & Rail had actual or constructive knowledge that the electrified fence was defective and/or not-functioning properly and failed to take reasonable steps under the circumstances to protect Plaintiff from this unreasonable risk of harm.

   E. In that Road & Rail failed to exercise due care and caution commensurate with the surrounding circumstances; and

   F. Other acts and omissions of negligence and violations of federal safety regulations, which will be fully enumerated at the trial of this matter.

22. Plaintiffs demand all damages reasonable in the premises and specifically itemize the following damages directly caused by the fault of Road & Rail for which he seeks recovery:

   A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Potential Permanent Disability;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages and Fringe Benefits;

    F. Potential Future Lost Earnings and Fringe Benefits;

    G. Unpaid Past Medical Expenses;

    H. Potential Future Medical Expenses;

    I. Loss of Consortium of Plaintiff, Misty Begnaud;

23. Plaintiffs reserve the right to supplement and amend this Complaint, as additional facts become known to them.

24. Plaintiffs are entitled to and demand a trial by jury.

WHEREFORE, Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, pray that Defendant, Road & Rail Services Inc., be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of the Plaintiffs, Jason Sanders Begnaud and Misty Raven Begnaud, and against the Defendant, Road & Rail Service Inc., for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

                                    Respectfully Submitted,

                                    **DAVIS, SAUNDERS, MILLER & ODEN**

                BY:     */s/ Joseph M. Miller, Esq.*
                                    **JOSEPH M. MILLER #30636**
                                    **BENJAMIN B. SAUNDERS #11733**
                                    **CARISA GERMAN-ODEN #31463**
                                    400 Mariners Plaza Drive, Suite 401
                                    Mandeville, Louisiana  70448

>Telephone: (985) 612-3070
>Facsimile:  (985)612-3072
>**Attorneys for Plaintiffs,**
>**Jason Sanders Begnaud and Misty Begnaud**

## CERTIFICATE OF SERVICE

I do hereby certify that on April 16, 2015 I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>/s/ *JOSEPH M. MILLER*
>Joseph M. Miller